NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  | : |  |
|---|---|---|
|  | : |  |
|  | : |  |
|  | : | **Hon. Dennis M. Cavanaugh** |
|  | : |  |
| IN THE MATTER OF THE ESTATE OF | : | **OPINION** |
| HIROKAZU SANO | : |  |
|  | : | Civ. No. 10-2664 (DMC) (JAD) |
|  | : |  |
|  | : |  |
|  | : |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

     This matter comes before the Court upon the motion of Yoko Sano ("Yoko"), administrator of the estate of Hirokazu Sano (the "Estate"), to remand this proceeding to the Superior Court of New Jersey, Chancery Division, Bergen County and upon Defendant Jin Chung's ("Chung") cross-motion to dissolve or modify preliminary injunctions issued by that court.  No oral argument was heard pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, the Estate's motion is **granted** and Chung's cross-motion is dismissed as moot.

## I.  BACKGROUND[1]

     Hirokazu Sano (the "decedent") died intestate on July 23, 2008.  At the time of his death, the decedent held a life insurance policy issued by New York Life Insurance and Annuity Corporation in the amount of $2,500,000.00.  The policy was sold to the decedent by insurance agent Defendant

---

[1] The facts in the Background section have been taken from the parties' submissions.

Jin Choi ("Choi").  Defs.' Opp'n Br. 2-3.  When the policy was purchased in 2002, the decedent

named Parisienne Inc., one of his business entities, as the primary beneficiary and his wife Yoko as

the secondary beneficiary.  Defs.' Opp'n Br. 2.  On January 22, 2004, the decedent signed a change

of beneficiary form, which designated Chung, an employee of the decedent's and Choi's sister, as

the sole beneficiary.  Am. Compl. ¶ 22.  The Amended Complaint alleges that Chung and Choi

schemed together to have the decedent change the policy by convincing him that Chung would be

able to satisfy all [of decedent's personal and business] debts in the event of his untimely death."

Am. Compl. ¶ 29.  Shortly after decedent's death, the proceeds of the policy were paid to Chung.

Am. Compl. ¶ 34. Yoko was unaware that she had been removed as a beneficiary to the policy until

after her husband's death. Am. Compl. ¶¶ 34-35.

On November 12, 2009, the Estate filed a Complaint by way of Order to Show Cause in the

Probate Part of the Superior Court of New Jersey, Bergen County seeking to recover the

$2,500,000.00 in life insurance proceeds that were paid to Chung.  Klausner Decl. ¶¶ 2, 4.  Chung

moved to dismiss the action on February 17, 2010, alleging that the action was improperly before

the Probate Part.  Klausner Decl. ¶ 6.  The Estate cross-moved for injunctive relief, seeking to have

the court take custody of the life insurance proceeds.  Klausner Decl. ¶ 8.  By Decision dated March

15, 2010 and Order dated March 24, 2010, the court denied Chung's motion and granted the Estate

a preliminary injunction.  Klausner Decl. ¶ 9.  The court ordered Chung to place $1,000,000.00, the

unspent portion of the insurance proceeds, in escrow pending resolution of the matter and to provide

an accounting of the remaining $1,500,00.00.  Klausner Decl. ¶ 9.  The remaining proceeds were

traced to a condominium in Los Angeles and a restaurant in New York.  Klausner Decl. ¶ 11.

The Estate filed an Amended Complaint on April 14, 2010, adding Choi as a defendant.

Choi received the summons and complaint on April 27, 2010.  Klausner Decl. ¶ 12.  Following the amendment, the Estate  sought to have the court exercise custody over the condominium and restaurant.  Klausner Decl. ¶ 14.  The court granted the Estate's application on May 14, 2010, but never issued an order because Choi filed a Notice of Removal with this Court on May 24, 2010, divesting the Superior Court of jurisdiction over the matter.  Klausner Decl. ¶ 15.  Chung filed a declaration in support of Choi's Notice of Removal on May 28, 2010.  The Estate responded by filing the present motion to remand on June 4, 2010.

## II.  APPLICABLE LAW

The federal removal statute provides that "[a] defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States . . . a notice of removal" within thirty days after the defendant is served with either the initial pleading or a summons.  28 U.S.C. § 1446 (a) and (b).  "[I]t is a well-settled rule of law – commonly known as the 'rule of unanimity' – that all defendants must join in or consent to the removal petition."  Michaels v. State of New Jersey, 955 F. Supp. 315, 319 (D.N.J. 1996); see also Brown v. Jersey City Parking Auth., No. 08-0764 (GEB), 2008 U.S. Dist. LEXIS 72707, at *5 (D.N.J. Aug. 29, 2008) (noting that "'each defendant must join in the notice of removal or express its consent to removal within the thirty day period defined in [§ 1446(b)]'" (quoting Carter v. Ingersoll-Rand Co., No. 00-6438, 2001 U.S. Dist. LEXIS 2466, at *3-4 (E.D. Pa. Mar. 12, 2001))).  The failure of all defendants to remove an action within the thirty-day window provides grounds to remand the case back to State court.  See 28 U.S.C. 1447 ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."); Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995) ("Failure of all defendants

to join is a "defect in removal procedure" within the meaning of § 1447(c) . . . ."). "'The removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Brown, 2008 U.S. Dist. LEXIS 72707, at *6 (quoting Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1985)).

### III. DISCUSSION

The Estate argues that this matter should be remanded back to the Superior Court because the Defendants' attempt at removal was procedurally defective in that both Defendants did not remove within the thirty day statutory removal period.  Pl.'s Br. 4.  Defendants do not dispute that Chung's declaration was filed on May 28, 2010, one day outside the thirty day window.  "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."  Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).  Here, Defendants have failed to meet that burden.

The Notice of Removal filed by Choi on May 24, 2010 was not signed by Chung.  See Notice of Removal, ECF Doc. 1.  Therefore, in order to satisfy the rule of unanimity, Chung had to either file her own notice of removal, or consent to removal in writing by May 27, 2010.  See, e.g., Collins v. Baxter Healthcare Corp., 949 F. Supp. 1143, 1146 (D.N.J. 1996) ("[T]he court cautions that formal expressions of consent, in the form of certifications or joining in the notice of removal by signing the notice, will be required within the time provided for under 28 U.S.C. § 1446.").  She failed to do so.

The Declaration of Chung's counsel in support of Choi's Notice of Removal indicates that Chung consented to removal via email to Choi's counsel on May 24, 2010.  Kimm Decl., Ex. A. Though this expression of consent was made within the thirty days, it does not suffice — for

-4-

consent to be legally valid, it must be made to the Court, not to a codefendant.  See Carter, 2001 U.S. Dist. LEXIS 2466, at *8 ("The letter and voice mail [expressing consent] were communications between defendants, not to the Court; therefore they cannot establish [defendant's] joinder in or consent to removal."); Michaels, 955 F. Supp. at 321 ("While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent to the court in a timely fashion.").  Because Chung failed to consent to removal in a written statement to the Court within the statutory period, the removal of this action must be deemed procedurally defective.

Though there are certain situations in which the rule of unanimity may be disregarded, such as where: "(1) a non-joining defendant is an unknown or nominal party; (2) a defendant has been fraudulently joined; or (3) a non-resident defendant has not been served at the time the removing defendants filed their petition," Michaels, 955 F. Supp. at 319, Chung does not claim that any exception applies to her, nor can she.  Nor do there appear to be any extraordinary circumstances that would warrant expansion of the thirty-day time limitation.  Id. at 322 ("Barring extraordinary circumstances, this court is not inclined to expand the thirty-day time limitation or permit amendments to the notice of removal after the thirty days have run.").   Accordingly, the Court finds no reason to err away from a strict construction of § 1446.[2]

---

[2]      Chung has filed a cross-motion to dissolve or modify the preliminary injunctions pertaining to the insurance proceeds.  Because this Court has granted the Estate's motion to remand, the cross-motion is moot.

## IV.  <u>CONCLUSION</u>

For the reasons stated, the Estate's motion is **granted** and Chung's cross-motion is **moot**.

 S/ Dennis M. Cavanaugh<br>
Dennis M. Cavanaugh, U.S.D.J.

Date:           January  10  ,  2011
Orig.:          Clerk
cc:             All Counsel of Record
                Hon. Joseph A. Dickson, U.S.M.J.
                File